UNITED STATES of America, Plaintiff–Appellee–Cross– Appellant,

v.

William C. GILMORE and Cheryl A. Gilmore, Defendants–Appellants– Cross–Appellees.

Docket Nos. 99–6233, 99–6293.

United States Court of Appeals, Second Circuit.

March 19, 2002.

---

William C. Gilmore, West Woodstock, CT, Pro Se.

Christine L. Sciarinno, Assistant United States Attorney; Stephen C. Robinson, United States Attorney, District of Connecticut, on the brief, New Haven, CT, for Appellee.

Present WALKER, Chief Judge, STRAUB, and KATZMANN, Circuit Judges.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

The Government commenced a foreclosure action against the Gilmores for defaulting on two loans made in 1973 by the Farm Service Agency ("FSA") (formerly called the Farmer's Home Administration) of the Department of Agriculture which were both secured by one mortgage on the Gilmores' residence and land. One loan was for $20,000 at five percent annual interest and the second for $5,000 at seven and one quarter percent annual interest. The Government alleged that the Gilmores failed to make payments of principal and interest when due. The Government moved for summary judgment of foreclosure by sale, claiming not only principal and interest amounts, but "advance" charges as well. In opposition, the Gilmores explained that, in 1989, they had paid FSA a $42,123.82 lump sum payment to settle a previous foreclosure action and to cure a default concerning the same loans at issue in the present action. The Gilmores argued that the FSA was never able to provide them with information on how it allocated the lump sum payment, nor had the FSA provided them with itemized statements of their account since their 1989 payment. The Gilmores also complained that the FSA never explained the advance charges to them.

After a hearing, the district court granted summary judgment of foreclosure by sale unless the Gilmores paid $34,920 within thirty days of the entry of the order. Instead of paying the amount, the Gilmores appealed. In February 1999, this Court reversed the district court and re-

manded the case for trial on the ground that there was "a genuine issue of material fact as to whether the Gilmores defaulted on the FSA loans." *See United States v. Gilmore*, No. 97–6218, 1999 WL 55255, at *2 (2d Cir. Feb.3, 1999).

After a two-day bench trial, the district court found that "the 1989 settlement of the previous foreclosure action eliminated any past deficiency," and thus, the Gilmores owed the Government $48,736.04 on the two loans instead of the Government's figure of $66,210. *See United States v. Gilmore*, 62 F.Supp.2d 576, 578–79 (D.Conn.1999). The court, however, also found that the Gilmores were "in default on the two loans ... and that the government [was] entitled to foreclose on [their] property," because the Gilmores' reason for terminating the mortgage payments after the 1989 settlement, that they "questioned how the 1989 settlement payment had been applied [to their account,]" was insufficient. *Id.* at 579.

Next, turning to the factual issues on remand, the district court found that there was no need to address the issue of how the 1989 lump sum settlement payment was allocated, since the court found in favor of the Gilmores on that issue. *Id.* On the issue of inconsistency between the records and the statements, the court found that "[the Government's] 142 exhibits detailing the various charges and amounts assessed ... and in particular exhibit 140, accurately reflect[ed] the payments due, the charges made, the various advances charged, and the payments made." *Id.* at 580.

On this appeal, the Gilmores challenge a variety of rulings by the district court. We review the district court's legal conclusions *de novo* and its findings of fact in a bench trial for clear error. *See United States v. Coppola*, 85 F.3d 1015, 1019 (2d Cir.1996). Having reviewed the documen-

tary evidence and the district court's findings of fact and law, we conclude that the district court conducted a thorough and accurate analysis of the facts and law at trial and accordingly its decision should be affirmed.

The Gilmores first argue that the district court improperly denied their motion for a continuance of the trial because they had only four days to review a 120–page document when the court should have provided them at least 14 days to review the document before the trial under Rule 26 of the Federal Rules of Civil Procedure. We review the district court's ruling on motions regarding scheduling of trial for abuse of discretion. *See Dow Chem. Pac. Ltd. v. Rascator Maritime, S.A.*, 782 F.2d 329, 341–42 (2d Cir.1986). To show abuse, the party must establish both that the denial of the adjournment was arbitrary and that it substantially impaired the presentation of his case. *Id.*

Here, the district court properly denied the Gilmores' motion for a continuance. It appears that the Gilmores' main argument is that the district court's denial of the motion was an abuse of discretion because it was not reasonable to expect them, proceeding *pro se*, to examine 120 pages of the Government exhibits to prepare for the trial in only four days. As the court noted, however, even though the court denied the motion, in light of the fact that the Gilmores were proceeding *pro se*, the court directed the Government to provide the Gilmores with copies of the Government's exhibits prior to trial, and most of the exhibits were not new materials. In addition, while the Gilmores appear to argue that they were prejudiced because the district court did not rule on the motion "until ... after completion of the trial," this argument is clearly misplaced. In fact, the district court ruled on the motion at the very beginning of trial before the formal trial proceedings commenced.

Second, the Gilmores argue that their due process rights were violated because, without providing them an opportunity to examine the Government's post-trial submission of a "hypothetical payment schedule" (the revised computation of the amount of debt), the district court directed the Government to submit such evidence and considered it in reaching its decision. An independent review of the record reveals that the district court directed such post-trial submission for the Gilmores' benefit. The district court requested the Government to submit a recalculation of the debt amount post 1989 under the assumption that all prior debts had been cleared. Accordingly, the Gilmores in fact benefitted from that evidence. *See Gilmore,* 62 F.Supp.2d at 578–79 (finding that "the 1989 settlement ... eliminated any past deficiency"). Moreover, they have not explained why the calculation is incorrect or what the correct result would have been.

■ The Gilmores also challenge the district court's evidentiary rulings at trial. We review the district court rulings regarding the admission of evidence for abuse of discretion. *United States v. SKW Metals & Alloys, Inc.,* 195 F.3d 83, 87 (2d Cir.1999). The Gilmores argue that the district court erred because it heavily relied on "possibly inaccurate evidence," namely, the Government's exhibit 140 (spreadsheets of breakdown of their account), because even Carrie L. Novak, the government official who prepared the exhibit, testified that the spreadsheets had some mathematical errors and were produced under time pressure. The Gilmores, however, without identifying any inaccuracy of the exhibit, only state that "[i]t is unconscionable that [the district court] would put such weight on an exhibit that is purported to be inaccurate" and that a mathematical error, however slight should be a ground for reversal. In short,

the Gilmores do not show that the spreadsheets actually contained any errors or otherwise explain how the district court abused its discretion in admitting the exhibit into evidence. Accordingly, this claim is rejected.

We have considered and reject all other arguments advanced in the Gilmores' briefs for substantially the reasons set forth in the district court opinion.

For the reasons set forth above, the judgment of the district court is AFFIRMED. Accordingly, the Gilmores' motion to strike certain portions of the Government's appellate brief is DENIED as moot, and the Government's motion to withdraw its cross-appeal is GRANTED.